<hr/>

Jesús Stella Rodríguez, Hoy su Sucesión, etc., demandantes y apelantes, *v.* Jorge Blasini Flash, Hoy su Sucesión, etc., demandados y apelados.

Núm. 9148.—*Sometido:* Mayo 7, 1945. *Resuelto:* Noviembre 13, 1945.

<hr/>

*Leopoldo Tormes García,* abogado de los apelantes; *Raúl Matos,* abogado de los apelados.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Jesús Stella y Jorge Blasini eran dueños en común proindiviso de la Hacienda Santa Elena radicada en Guayanilla. Convinieron en disolver la comunidad y a ese efecto, por escritura de 30 de julio de 1937, dividieron la Hacienda en tres parcelas que denominaron Blasini Núm. 1, Stella Núm. 2 y Blasini Núm. 3. A Stella le fué adjudicada la parcela que lleva su nombre y a Blasini las dos restantes. La parcela Stella Núm. 2 está atravesada por un camino denominado "Callejón de La Bomba", que se extiende desde la carretera de Yauco a Guayanilla hasta llegar a las fincas de Blasini. Como éste último, luego de terminada la comunidad, continuó utilizando el camino en relación con las fincas que poseía al norte y al este de la parcela Stella Núm. 2,

Jesús Stella instó un pleito contra él sobre negatoria de servidumbre, a fin de impedirle el tránsito por el "Callejón La Bomba". La Corte de Distrito de Ponce desestimó la demanda y este Tribunal confirmó la sentencia por el fundamento de que el referido callejón era un camino que el público usaba desde tiempo inmemorial y que Blasini, como cualquiera otra persona, tenía derecho a utilizarlo. *Stella* v. *Blasini,* 61 D.P.R. 372.    Como consecuencia de esa sentencia el 3 de febrero de 1944, Stella instituyó este pleito contra la Sucesión Blasini. En la demanda, luego de referirse al pleito sobre negatoria de servidumbre, se alegó que en la escritura de división de comunidad no se expresó que existiera tal servidumbre, y por el contrario, la descripción de la parcela Stella Núm. 2 tendía a demostrar que el terreno ocupado por el "Callejón de la Bomba" era parte de dicha parcela; que con motivo de la referida sentencia de este Tribunal el demandante, quien luego fué sustituído por su Sucesión, había sido privado del terreno ocupado por el camino, terreno que tiene un área de 99 centésimas de cuerda; que la colindancia sur de la parcela 2, en vez de ser con terrenos de la parcela Blasini Núm. 1, según consta de la escritura de división de comunidad, lo es ahora, en virtud de la sentencia, un camino de uso público conocido por "La Bomba"; que el terreno ocupado por el camino tiene un valor de $1,000 y que el demandante tuvo que gastar la cantidad de $800 en el récord taquigráfico, indemnización a testigos, honorarios de abogado y sellos de Rentas Internas tratando de defender la propiedad de 99 centésimas de cuerda de terreno en el pleito sobre negatoria de servidumbre; y por último se alega que los demandados no le han satisfecho dichas sumas ni en todo ni en parte. A base de estos hechos solicitó sentencia condenando a los demandados solidariamente a pagarle la suma de $1,800, o sea, $1,000 valor del terreno ocupado por el camino, más $800

montante de los gastos de escrituras, y las costas, desembolsos y honorarios de abogado.

Contra esta demanda los demandados opusieron, entre otras defensas, la de insuficiencia de hechos constitutivos de causa de acción y además la de cosa juzgada. La corte inferior declaró con lugar ambas defensas.

■ En el caso de *Stella* v. *Blasini,* supra, sobre negatoria de servidumbre, resolvimos que el camino de "La Bomba" existía en la Hacienda Santa Elena desde tiempo inmemorial, y que al otorgarse la escritura de división de comunidad no se mencionó el camino ni se expresó que el mismo constituyese una servidumbre, por lo que debía considerarse que constituía una servidumbre de paso siendo el predio sirviente la parcela Núm. 2. Art. 477 del Código Civil. *Stella* v. *Blasini,* supra; *McCormick* v. *Vallés,* 55 D.P.R. 226 e *Illanas* v. *González,* 51 D.P.R. 803.

Pero como la servidumbre de paso es discontinua y aparente, Código Civil, art. 468, los demandados invocan el artículo 1372 del Código Civil que dice:

"Si la finca vendida estuviese gravada, sin mencionarlo la escritura, con alguna carga o servidumbre no aparente, de tal naturaleza que deba presumirse no la habría adquirido el comprador si la hubiera conocido, podrá pedir la rescisión del contrato, a no ser que prefiera la indemnización correspondiente."

No hay duda de que Stella, como condueño de la Hacienda Santa Elena, conocía la existencia del camino conocido por "Callejón La Bomba" y consecuentemente es de aplicación el art. 1372 del Código Civil, el cual a *contrario sensu* le impide en tal caso reclamar el saneamiento por evicción. A este efecto dice Manresa:

"Por el contrario, si el comprador tenía conocimiento del gravamen, aunque éste no estuviese inscrito en el Registro de la Propiedad, y esto se demuestra por el vendedor, entendemos que aquél no podrá ejercer ninguna de las acciones que le concede el art. 1483, pues entonces no se puede decir que haya habido error. Esta inter-

pretación, lejos de pugnar concuerda con los términos del art. 1483, el cual, por la forma de su redacción (que deba presumirse no la habría adquirido el comprador *si la hubiera conocido*), claramente deja entrever que todo el precepto parte del supuesto de que el comprador no conocía el gravamen, de donde se deduce que conociéndolo falta el motivo de la ley.'' Tomo 10, pág. 203, Comentarios al Código Civil.

No existiendo el derecho de saneamiento a favor de los demandantes y apelantes, no pueden reclamar éstos el valor del terreno ocupado por el camino y naturalmente tampoco tienen derecho a los $800 que declaman como gastos en el pleito sobre negatoria de servidumbre, en el cual defendieron la propiedad absoluta de ese terreno, pues el derecho a esa reclamación, suponiendo que existiera, dependería naturalmente de que el demandante tuviere derecho a reclamar el valor del terreno ocupado por el camino. Y no pudiendo, como en efecto, no podía reclamar tal precio, tampoco había derecho a que se le resarcieran esos gastos.

No aduciendo la demanda hechos constitutivos de causa de acción, es innecesario discutir la defensa de cosa juzgada.

La defensa de *estoppel* alegada por el demandante no procede. Siendo la servidumbre aparente, el hecho de no mencionarse en la escritura no impide al vendedor invocar el art. 1372 del Código Civil.

No siendo frívolo este recurso procede denegar la moción de desestimación. *Resolviendo ahora el caso en sus méritos procede confirmar la sentencia apelada, y considerando que no erró la corte sentenciadora al condenar a los apelados al pago de costas y honorarios de abogado por la cantidad de $300, procede confirmar también la resolución aprobatoria del memorándum de costas.*